■ In the Matter of INCORPORATED VILLAGE OF HEMPSTEAD URBAN RENEWAL AGENCY, Relative to Acquiring Title in Fee. (Parcel Nos. 3, 4, 5 and 6 HEMPSTEAD CYCLE, LTD. and GEORGE OESLANDER.) HEMPSTEAD CYCLE, LTD., et al., Appellants; INCORPORATED VILLAGE OF HEMPSTEAD URBAN RENEWAL AGENCY, Respondent. (Proceeding No. 1.) SEVEN-A-SEVEN RESTAURANT CORP., Appellant; INCORPORATED VILLAGE OF HEMPSTEAD URBAN RENEWAL AGENCY, Respondent. (Proceeding No. 2.) DANA DAVID, INC., Appellant; INCORPORATED VILLAGE OF HEMPSTEAD URBAN RENEWAL AGENCY, Respondent. (Proceeding No. 3.) PETITE JEWELERS OF HEMPSTEAD, INC., Appellant; INCORPORATED VILLAGE OF HEMPSTEAD URBAN RENEWAL AGENCY, Respondent. (Proceeding No. 4.)—In four consolidated condemnation proceedings, (1) the claimants Hempstead Cycle, Ltd. and George Oeslander appeal from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered June 21, 1984, which awarded the claimants the principal sums of only $4,386, $1,491, $13,737 and $24,527, respectively, on four condemned parcels; (2) the claimant Seven-A-Seven Restaurant Corp. appeals from a judgment of the same court, dated June 12, 1984, which awarded the claimant the principal sum of only $28,797; (3) the claimant, Dana David, Inc., appeals from a judgment of the same court, dated June 12, 1984, which awarded the claimant the principal sum of only $14,-175; and (4) the claimant Petite Jewelers of Hempstead, Inc., appeals from a judgment of the same court, entered June 21, 1984, which awarded the claimant the principal sum of only $27,169.

Ordered that the judgments are affirmed, without costs or disbursements.

We have examined the claimants' various arguments, including their contentions that the court permitted an improper and prejudicial violation of the exchange of appraisals

rules and erred in various respects in making its evaluations of the various parcels, and find no basis for disturbing the judgments under review. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.